IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-03267-FL

| RICHARD SAVAGE, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **MEMORANDUM** |
|  | ) | **& RECOMMENDATION** |
| WARDEN TRACY JOHNS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This cause comes before the Court upon Plaintiff's application to proceed *in forma pauperis*, referred to the undersigned. (DE-2). In his complaint, Plaintiff states he is being held under civil commitment at the Federal Correctional Institution Butner ("FCI Butner"). (DE-1). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. The undersigned therefore recommends that the motion to proceed *in forma pauperis* (DE-2) be GRANTED.

However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915, which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B); Ballard v. Fed. Med. Ctr., No. 5:11-CT-3042-D, 2011 U.S. Dist. LEXIS 110326, *2 (E.D.N.C. Sept. 27, 2011) (utilizing 28 U.S.C. § 1915(e)(2)(B) in reviewing an *in forma pauperis* application filed by a civil detainee). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a

legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, even a pro se pleading must contain "'more than labels and conclusions.'" Giarratano v. Johnson. 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts that fail to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976).

Plaintiff has filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Plaintiff states that he was formerly housed in the Maryland unit at FCI Butner but is now housed in the North Carolina unit for the purpose of "being profiled" by the staff and unit manager with the Commitment and Treatment Program. (DE-1, p.3). As a civil detainee housed in the North Carolina unit, Plaintiff asserts he is being discriminated against compared with civil detainees housed in the Maryland unit. Specifically, Plaintiff complains that civil detainees in the Maryland unit have more frequent access to the law and leisure libraries, the recreation yard, and to laundry facilities than civil detainees housed in the North Carolina unit. For example, Plaintiff states he is "only allowed to be able to wash clothes five (5) days a week . . . during limited time slots" and that civil detainees in the Maryland unit "are allowed to have [access] to these things seven (7) days a week." (DE-1, p.4). Such disparity in treatment, argues Plaintiff, is discriminatory and a denial of equal protection, and he therefore requests the Court "[o]rder the defendants to provide [him] with the same privileges afforded to all other civil detainees." (DE-1, p.4).

The Due Process Clause of the Fifth Amendment protects against arbitrary

classifications by federal actors.[1] *See* U.S. Const. amend. V. In considering an equal protection claim, the standard for defining the equal protection guarantee is the same regardless of whether the claim is pursued under the Fifth or Fourteenth Amendment. *See* Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'n, Inc., 106 F.3d 1146, 1156 (4th Cir. 1997). Like the Fourteenth Amendment, the Fifth Amendment's Due Process Clause provides for a guarantee of equal protection of the law that all people, similarly-situated, will be treated the same. *See id.*

When equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. *See* Morrison v. Garraghty, 239 F.3d 648, 654-55 (4th Cir. 2001). Thus, inmates are protected from discriminatory treatment by prison officials but are not considered a suspect class under equal-protection analysis. *See* Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997). To bring an equal protection claim, a plaintiff must plead sufficient facts to make a threshold showing "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting Morrison, 239 F.3d at 654). Only after satisfying this threshold requirement will the Court determine whether the disparate treatment at issue was justified. *Id.* at 731. "Ordinarily, when a state regulation or policy

---

1. The undersigned construes Plaintiff's claim under the Due Process Clause of the Fifth Amendment because the Equal Protection Clause applies only to the states. *See* U.S. Const. amend. XIV, § 1; Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'n, Inc., 106 F.3d 1146, 1156 (4th Cir. 1997).

is challenged under the Equal Protection Clause, unless it involves a fundamental right or a suspect class, it is presumed to be valid and will be sustained 'if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *Id.* (quoting Heller v. Doe, 509 U.S. 312, 319-20 (1993)).

Here, Plaintiff's claim fails on several grounds.[2] First, from the face of his complaint, it does not appear that Plaintiff is similarly situated to other civil detainees. According to Plaintiff, he was formerly housed in the Maryland unit but is now being held in the North Carolina unit for purposes of "being profiled by the C.T.P. staff and unit manager." (DE-1, p.3). As a member of the North Carolina unit undergoing study, Plaintiff is not similarly situated to other civil detainees housed in the Maryland unit.[3] Plaintiff does not allege he is singled out for disparate treatment from other civil detainees housed in the North Carolina unit. *See, e.g.*, Harris v. Harrsion, No. 5:11-CT-3021-D, 2011 U.S. Dist. LEXIS 81859, *12 (E.D.N.C. July 26, 2011) (dismissing as frivolous a equal protection claim where the pre-trial detainee failed to allege he was treated differently from any person with whom he was similarly situated); Harrison v. Adams, No. 1:06cv501, 2007 U.S. Dist. LEXIS 95614, *17-21 (E.D. Va. Feb. 8, 2007) (dismissing an

---

2. Notably, Plaintiff is not challenging his confinement under § 4248 itself; nor does he allege that, as a civil detainee, he is entitled to more favorable conditions of confinement than those afforded general population inmates. *See generally* United States v. Comstock, No. 5:06-HC-2195-BR, 2011 U.S. Dist. LEXIS 133949, *5-8 (E.D.N.C. Nov. 21, 2011) (applying rational basis review to an equal protection challenge brought by a § 4248 civil detainee). Rather, Plaintiff challenges the conditions of his confinement as compared to civil detainees housed in other units.

3. The North Carolina Unit at FCI Butner houses Study Cases, while the Maryland Unit houses a Civil Commitment Sex Offenders Program. *See FCI Butner Medium Admissions & Orientation Handbook*, 7 (Jan. 22, 2008).

inmate's equal protection claim where the inmate failed to identify, *inter alia*, "any inmate who was similarly situated to him"). It is moreover well established that an inmate has no constitutional right to be housed in any particular facility or to be transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 223-25 (1976); O'Bar v. Pinion, 953 F.2d 74, 82-83 (4th Cir. 1991).

Further, even assuming that Plaintiff is similarly situated to other civil detainees housed in the Maryland unit, he does not allege that purposeful discrimination lies behind his allegedly unequal treatment. Veney, 293 F.3d at 730-31; Morrison, 239 F.3d at 654; Farrakhan v. Johnson, No. 1:08cv438, 2009 U.S. Dist. LEXIS 40342, *24-25 (E.D. Va. May 13, 2009) (dismissing as frivolous an equal protection claim where the inmate failed to allege that his unequal treatment was the result of any intentional or purposeful discrimination by prison officials). Thus, Plaintiff's complaint fails to state a claim for denial of equal protection and should be dismissed.

Finally, inasmuch as Plaintiff's complaint may be read to include a claim for denial of access to the courts, Plaintiff alleges no deprivation of meaningful access to the courts. *See, e.g.,* Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993) (noting that an inmate's right to meaningful access to the courts "can be satisfied either by providing inmates with adequate law libraries or with adequate assistance from persons trained in the law"). To make out a prima facie case of denial of access to the courts, a plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also* Hause, 993 F.2d at 1084-85 (A plaintiff must allege that he has suffered an "actual injury or

specific harm" by demonstrating that his legal claims have been frustrated or impeded). In his complaint, Plaintiff alleges only that he has less access to the law library than civil detainees housed in the Maryland unit. He does not contend that any of his legal claims have been impeded or frustrated by lack of access to the law library. As such, Plaintiff has failed to allege any actual injury or specific harm caused by the alleged inequality of access to the law library. Accordingly, his complaint is subject to dismissal.

Because Plaintiff's complaint lacks an arguable basis in law and in fact, it should be dismissed. The undersigned therefore RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* (DE-2) be GRANTED, but that his complaint (DE-1) be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 6th day of January, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE