IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3267-FL

| | | |
|---|---|---|
| RICHARD SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN TRACY JOHNS; KAREN STEINOUR; and KENNETH MCCOY, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that the court grant plaintiff's motion to proceed *in forma pauperis* (DE # 2), but dismiss plaintiff's complaint. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants plaintiff's motion to proceed *in forma pauperis*, but dismisses the complaint.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d

44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

On December 22, 2011, plaintiff filed an application to proceed *in forma* pauperis in this action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The magistrate judge found that plaintiff had demonstrated sufficient and appropriate evidence of inability to pay the required courts costs, but also recommended that plaintiff's proposed complaint be dismissed under 28 U.S.C. § 1915(e)(2). See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). Under § 1915(e)(2), the court will dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, the magistrate judge recommends dismissing the complaint for the following reasons. First, he finds that plaintiff's claim pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution fails to state a claim for denial of equal protection. Second, the magistrate judge finds that plaintiff fails to state claim for denial of access to courts because he alleges no deprivation of meaningful access to courts.

## CONCLUSION

Having carefully reviewed the filings in this case and the M&R, the court agrees with the conclusions reached by the magistrate judge and thus ADOPTS his findings and recommendations

2

(DE # 4). Plaintiff's motion to proceed *in forma pauperis* (DE # 2) is GRANTED, but his complaint is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 14th day of February, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge